**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRE ALMOND DENNISON, | No. 07-16338 |
| Plaintiff - Appellant, | D.C. No. CV-03-02373-SRB |
| v. | |
| VINCE JAMES, sued in his individual & official capacities; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted October 20, 2009[**]

Before: SKOPIL, LEAVY, and T.G. NELSON, Circuit Judges.

Andre Dennison, an Arizona state prisoner, appeals pro se from a judgment

entered after a jury trial in his 42 U.S.C. § 1983 action alleging that prison officials

retaliated against him for filing a lawsuit in violation of his First Amendment

rights. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**DISCUSSION**

1.     Summary Judgment

Dennison contends the district court erred by granting summary judgment to one defendant when it became evident at trial that she filed a false incident report. We disagree. There is no evidence that the report was filed in retaliation for Dennison's prior lawsuit against another prison official. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (listing elements of a retaliation claim in the prison context).

2.     Stipulations

Dennison contends that during summary judgment proceedings, former defense counsel made certain oral stipulations that should have been admitted as undisputed facts at trial. The district court refused, reasoning the alleged stipulations were not reduced to writing as required by a local rule and that facts "presumed for purposes of the summary judgment are not binding as stipulated facts for purposes of the trial even if they were assumed true for purposes of the summary judgment." We agree and conclude the trial court did not abuse its discretion. *See Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.*, 552 F.3d 1033, 1042 (9th Cir. 2009) ("We review the trial court's evidentiary rulings for abuse of discretion.").

3. Trial Testimony

Dennison contends he was denied a fair trial because one of the defense witnesses erroneously believed she was a defendant in the action. We disagree. Dennison's claim that the witness's testimony and demeanor were influenced by that mistake is pure speculation. Moreover, the jury was informed the witness was not a defendant and Dennison argued to the jury that her testimony was tainted and not credible. The jury therefore had the evidence before it to make credibility determinations and weigh the evidence. *See Murray v. Laborers Union Local No. 324*, 55 F.3d 1445, 1452 (9th Cir. 1995) ("The credibility of witnesses and the weight of the evidence are issues for the jury that are generally not subject to appellate review.").

4. Videotape

Dennison submits that a videotape of the incident between him and prison officials that would have supported his version of the facts was erased. Although defendants denied doing so, Dennison offered considerable evidence of the alleged alteration and he made substantial closing arguments to the jury regarding the possibility that the videotape was purposely altered. The jury was thus fully informed of the dispute and entitled to draw its own conclusions from the evidence. *See id.*

5.     Jury Questions

Dennison filed post-trial motions contending the district court erred when it responded to questions from the jury regarding Dennison's burden of proof. Although Dennison agreed to the responses given to the jury, he contends the district court should have also sua sponte instructed the jury that it was entitled to draw inferences from the evidence rather than relying on direct testimony or documents. The district court rejected that contention, noting the jury had already been instructed that it may consider circumstantial evidence as proof of facts. We agree and conclude there was no abuse of discretion in denying Dennison's post-trial motions. *See Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1338, 1344 (9th Cir. 1987) ("In evaluating jury instructions, this court . . . will not reverse a judgment . . . if the instructions fairly and adequately cover the issues."); *see also Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1046 (9th Cir.) ("We review for abuse of discretion the denial of a motion for a new trial."), *cert denied,* 130 S. Ct. 299 (2009).

**AFFIRMED**.

4